Dcopy

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND
(Civil Division)

| | |
|---|---|
| MARIA ALVAREZ<br>8800 Hempstead Ave.<br>Bethesda, MD 20817<br><br>　　　　Plaintiff<br><br>v.<br><br>RECREATIONAL EQUIPMENT, INC.<br>D/B/A:REI<br>3100 South 176th St.<br>Seattle, WA 98188<br><br>SERVE ON:<br>Resident Agent:<br>Corporate Creations Network, Inc.<br>2 Wisconsin Circle, #700<br>Chevy Chase, MD 20815<br><br>　　　　Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

Case No. 485313-V

**RECEIVED**

APR 05 2021

Clerk of the Circuit Court
Montgomery County, Md.

COMPLAINT

Plaintiff, Maria Alvarez, by and through her attorneys, Eric F. Rosenberg, and the law offices of Rosenberg & Fayne, sues the Defendant, and for a cause of action alleges as follows:

Facts Common to All Counts

1. Plaintiff is an adult citizen of the United States and a resident of Montgomery County, Maryland.

2. Upon information and belief, Defendant, Recreational Equipment, Inc., d/b/a REI (hereinafter referred to as "Defendant REI"), is a corporation doing business in the State of Maryland, at all times material hereto, and on April 13, 2018, owned, operated, franchised, controlled, leased, and/or managed the property known as REI Rockville ("hereinafter referred to as "the store") located at 910 Rose Avenue, North Bethesda, Maryland 20852.

3. Defendant REI advertises its business, services, and/or goods to residents of Montgomery County.

4. Upon information and belief, at all times material hereto, and on April 13, 2018, Defendant REI was responsible for the inspection, maintenance, repair and property management of the store.

5. The actions and inactions of Defendant REI, which gives rise to these claims, occurred in Montgomery County, Maryland.

6. The parties hereto and the subject matters herein are within the jurisdiction of the court.

7. That some time on April 13, 2018, Plaintiff went to the store to shop for bicycle shorts. Unbeknownst to Plaintiff, the fitting room she entered had a security nail on the floor

8. At all times herein mentioned, Plaintiff was exercising due care and did not contribute to the happening of the incident, nor did she assume the risk of her injuries.

Count I<br>Alvarez v. Recerational Equipment, Inc., d/b/a REI

9. Plaintiff re-alleges and incorporates by reference the allegations of facts contained in paragraphs one (1) through eight (8).

10. That on or about April 13, 2018, Defendant REI was the property management company and/or owner of the store.

11. That on or about April 13, 2018, Plaintiff was an invitee of Defendant REI while shopping at the store. On said date, Plaintiff was trying on bicycle shorts in a fitting room and upon standing up stepped on a security nail on the floor. As a result, Plaintiff's left foot was punctured and the nail was lodged in her arch. As a result, Plaintiff's required urgent medical attention for the wound.

12. Plaintiff was injured as a result of the condition of a fitting room which was poorly inspected, cleaned, and maintained.

14. As the property manager and/or owner of the store, Defendant REI owed Plaintiff a special duty to protect her and other guests from harm and unnecessary dangerous conditions. This included an obligation to carefully inspect and service the floors of the store, including the fitting rooms, maintain them in good working order, keep them clear of obstructions, and warn guests of risks of injury. Defendant REI breached the duty of care as stated herein, and in other respects not now known to the Plaintiff but which may become known prior to or at the time of trial.

15. At the time of Plaintiff's injury, the fitting room of the store was dangerous, unsafe and presented unnecessary and unacceptable risk to store guests, especially those who were using the improperly maintained fitting room.

16. Defendant REI failed to exercise a reasonable degree of care in inspecting, maintaining, and servicing this aspect of the accommodations. It is expected and foreseeable that a guest at the store would be injured by a hazard such as a security nail laying on the floor of a fitting room, and it was therefore negligence and a breach of duty for the store and its agents to fail to properly inspect and maintain such an area and/or to fail to remove the hazard in the fitting room prior to Plaintiff's injury.

17. Defendant REI also failed to warn Plaintiff or other guests of the risks of injury by the hazardous fitting room. Upon information and belief, Defendant REI failed to conduct reasonable efforts at maintenance, inspections, and safety checks consistent with their owner and contractual obligations.

18. The dangerous condition of the fitting room coupled with a hazard, and Defendant

REI's negligence as set forth herein, are the direct and proximate cause of Plaintiff's injuries, and the types of injuries she sustained as a result are exactly those that are most likely foreseeable from the dangerous condition and negligence of Defendant REI.

19. Upon information and belief, Defendant REI and/or employees of the store had actual and/or constructive notice of the dangerous condition prior to Plaintiff's injury, and the need to carefully inspect and maintain the store floors, so as to avoid guest injuries.

20. As a result of the negligence of Defendant REI, Plaintiff sustained injuries to her body which have caused and continue to cause Plaintiff mental and physical pain and suffering. These injuries included, but are not limited to a puncture wound on her left foot which required the receipt of a tetanus vaccine and antibiotics.

21. That resulting from the injury, Plaintiff suffered and endured and will continue to suffer and endure physical pain, emotional pain, emotional distress and medical costs.

WHEREFORE, Plaintiff demands judgment against Defendant, Recreational Equipment, Inc. d/b/a REI, in the sum of SEVENTY-FOUR THOUSAND DOLLARS ($74,000.00) for economic damages plus interest and costs of this action.

WHEREFORE, Plaintiff demands judgment against Defendant, Recreational Equipment, Inc. d/b/a REI, in the sum of SEVENTY-FOUR THOUSAND DOLLARS ($74,000.00) for non-economic damages plus interest and costs of this action.

Respectfully submitted
ROSENBERG & FAYNE

By: _____
Eric F. Rosenberg  #9312160110
Attorney for the Plaintiff

5400 Kenilworth Avenue
Riverdale Park, Maryland 20737
Phone: (301) 864-2900
Fax: (301) 864-2903
erosenberg@rosenberg-fayne.com
*Attorney for the Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues herein.

Eric F. Rosenberg
Attorney for Plaintiff